## William A. Lynch, Receiver of C. Aultman & Co., v. Wilbur Naylor and Henry Naylor.

1. CHATTEL MORTGAGES—*Effect of Purchase by Mortgagee.*—Where the mortgagee of mortgaged chattels takes possession of the same under the mortgage and sells the same to himself, such action will be a satisfaction of the mortgage indebtedness, if the property so taken is worth

an amount equal to the debt and all proper costs and charges at the time of the sale.

2. SAME—*Sales by the Mortgagee to Himself.*—When a mortgagee undertakes to sell the mortgaged chattels to himself he becomes liable to account to the mortgagor for the actual value of the same.

3. SAME—*Construction of Clause Authorizing the Sheriff to Sell.*— Where a chattel mortgage contains a clause authorizing the sheriff to sell, etc., and also a clause authorizing the mortgagee to purchase at his own sale, it is manifest, when the whole power of sale is considered, that the parties contracted with reference to section 11, chapter 95, R. S., providing for such sales by the sheriff.

4. CHANCERY PRACTICE—*Decrees Pro Confesso on Default.*—A court of chancery is not necessarily bound to render a decree against a party because the bill has been taken as confessed against him for want of an answer.

**Bill to Foreclose a Mortgage.**—Error to the Circuit Court of Wabash County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

MUNDY & ORGAN, attorneys for plaintiff in error.

J. M. CAMPBELL, attorney for defendants in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Plaintiff in error filed a bill in the Circuit Court of Wabash County, to foreclose a mortgage executed by Henry Naylor to secure the payment of five promissory notes made by himself and Wilber N. Naylor, for the purchase money for a separator and stacker sold to them by C. Aultman &. Company. The notes were otherwise secured by a chattel mortgage on the separator and stacker and on a certain thresher engine.

Henry Naylor answered, alleging that the notes had been fully paid. The record shows that plaintiff in error, the receiver of C. Aultman & Co., took possession of the property described in the chattel mortgage, and sold the same to himself as such receiver for $125, by a certain constable who was acting at the time as his agent. The evidence shows that the property so purchased was worth more than the amount due on the notes, together with all proper costs

Lynch v. Naylor.

and charges, at the time of the sale.   This being true, the notes were satisfied if the sale was not made in conformity with the provisions of the power of sale contained in the chattel mortgage.   Waite v. Dennison, 51 Ill. 319;  Jones on Chattel Mortgages, Sec. 806.   And if the notes were satisfied, the court did not err in dismissing the bill.

The question thus presented for decision involves the construction of the power of sale, which is substantially as follows:

" The mortgagees shall have the right to take immediate possession (of the property), wherever found, without process of law; and to remove, sell and dispose (of the same) at public auction, after ten days notice of the time and place of sale, with a description of the property; notices to be (posted) in three public places in the vicinity of the sale; or a private sale, with or without notice, for cash or credit, as the mortgagees may elect; and the mortgagees may become purchasers at such sale, and out of the moneys so arising retain all charges and pay all prior liens thereon, and retain the amount due on said notes, and render the balance to the mortgagors, which shall be a perpetual bar in law and equity against the mortgagors; and the said mortgagors do hereby authorize the sheriff of the county of Wabash, and State of Illinois, upon the request of the legal holder of said promissory notes, to execute the power of sale herein granted to said C. Aultman & Co. (mortgagees), its successors, assigns, agents or attorneys."

Where the mortgagee desires to become the purchaser, must the sale be made by the sheriff under the terms of the foregoing power ?   If the question be answered in the negative, then the clause authorizing the sheriff to make the sale is meaningless.   If the mortgagee may sell to himself, at public or private sale, with or without notice, he may call upon the sheriff, or any other official or person, to act as his agent, without a clause in the power specifically naming the sheriff.   Or, he may go to his closet and commune with himself on the subject, and then, having sold to himself at his own price, come out into the sunshine and announce the result.

It could not have been the intention of the parties to make such a monstrous and one-sided contract. While the right of the mortgagee to purchase precedes the clause authorizing the sheriff to sell, yet, when the whole of the power of sale is considered, it is manifest that the parties contracted with reference to section 11 of chapter 95 of the statutes, which section is as follows :

"It shall be lawful for the mortgagor of real estate or personal property to insert in his mortgage a clause authorizing the sheriff of the county in which the property, or some part thereof, is situated, to execute the power of sale therein granted to the mortgagee or his assigns or legal representatives, in which case the sheriff, at the time of such sale, of such county, may advertise and sell the mortgaged premises pursuant to such power, and may execute all proper conveyances of the property so sold, in the name of and as the attorney in fact of the mortgagor; and at any sale made as aforesaid, the mortgagee, his assigns or legal representatives, may fairly and in good faith purchase the property, or any part thereof."

Thus by the express agreement of the parties, the right to execute the power of sale was reposed in the sheriff. If the sale had been made by the sheriff, the title would have passed to the mortgagee for the amount of the bid, provided the property was purchased fairly and in good faith. But when the mortgagee undertook to sell to himself, he became liable to account to the mortgagors for the actual value of the property, as he would have been if no execution of the power of sale had been attempted.

But it is contended that inasmuch as the bill was taken as confessed against Wilber N. Naylor for want of an answer, it was the duty of the court to render a decree against him. There is no merit in this claim. The bill was filed to foreclose a real estate mortgage to which Wilber N. Naylor was not a party. The only liability of Wilber N. Naylor would have been on the notes for the amount remaining unpaid after a sale of the real estate. But the court properly found that the mortgage could not be foreclosed for the reason

that the notes had been fully paid, and therefore dismissed the bill. There was no deficiency, and consequently no liability on the part of Wilber N. Naylor.

A motion to reverse the decree *pro forma* under rule 31, because the briefs of defendant in error were not filed within the time required by paragraph 1 of rule 29, has been reserved for the final disposition of this cause. Rule 31 is as follows: "If the defendant in error or appellee shall fail to file his brief in compliance with these rules, the judgment or decree will be .reversed *pro forma*, unless the court, on examination of the record, shall deem it proper to decide the case on its merits." On examination of the record, we have thought it proper to decide the case on the merits. But this is not to be regarded as a precedent in other cases, in which it may be considered proper to make a strict application of the rule. The decree is affirmed.